UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON, SC
2005 DEC -5 A 10: 43

| | |
|---|---|
| Zara Ellis Sadler, PhD, Plaintiff, vs. Barbara Claire Tilley, PhD, Defendant. | C/A No. 2:05-3234-DCN-RSC<br>Report and Recommendation |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (Entry 5). The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). Plaintiff filed this case seeking to recover injunctive relief and monetary damages from one Defendant, a person described throughout Plaintiff's Complaint as Plaintiff's "supervisor" while Plaintiff was a "research assistant professor" in the Department of Biostatistics, Bioinformatics, and Epidemiology at the Medical University of South Carolina. Plaintiff contends that she was discriminated against by Defendant based on "1) race, 2) color, 3) fear of retaliation, 4) age, and 5) perceived disability . . . ." Plaintiff alleges that Defendant discriminated against her (Plaintiff) when she gave Plaintiff unsatisfactory performance reviews and questioned Plaintiff's mental health and abilities to continue her research work after Plaintiff had a "catatonic episode at work." Plaintiff alleges that she filed an EEOC Charge of Discrimination in July 2005, and that a right to sue letter "is forthcoming." Complaint, at 7. Plaintiff has not provided the Court with a copy of the right to sue letter as of the date of preparation of this Report.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

This employment discrimination case should be dismissed with prejudice because Plaintiff has failed to name a proper Defendant. The sole defendant named in this case is not Plaintiff's employer. Instead, under Plaintiff's own allegations, Defendant was Plaintiff's "immediate supervisor." The federal employment discrimination statutes, including the Americans with Disabilities Act, 42 U.S.C. § 12101-117, generally, do not impose individual liability on supervisors or co-employees accused of engaging in discriminatory conduct. *See, e.g.,* Silk v. City of Chicago, 194 F.3d 788, 797 n. 5 (7th Cir.1999)(ADA, no individual liability of supervisor for retaliation); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996) (no individual liability under Title VII); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir.1996) (same; ADA); Williams v. Banning, 72 F.3d 552 (7th Cir. 1995) (same; Title VII); Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) (same); Gary v. Long, 59 F.3d 1391 (D.C. Cir. 1995) (same).

Although the Fourth Circuit slightly deviates from the general rule of no co-worker/supervisor individual liability, it only does so in the limited circumstances, not presented under Plaintiff's allegations, where the individual co-employee/supervisor wielded significant control over the plaintiff *and* where his or her conduct resulted from the performance of a non-delegable duty. *See* Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir.1994); Causey v. Balog, 929 F.Supp. 900 (D. Md. 1996), *aff'd*, 162 F.3d 795 (4th Cir.1998); *see also* Cortes v. McDonald's Corp., 955 F.Supp. 531, 536-37 (E.D.N.C.1996) (holding that supervisors making personnel decisions of a plainly delegable character are not "employers" as defined by the ADA); Stephens v. Kay Management Co., Inc., 907 F.Supp. 169, 171 (E.D. Va.1995) (same and listing cases applying Birkbeck to ADEA and Title VII cases). Plaintiff's allegations about Defendant's alleged discrimination and retaliation in her performance evaluations and

determination of conditions required to be met for Plaintiff's continuing employment only show the performance by Defendant of clearly delegable duties generally performed by supervisory personnel in a large organizations such as MUSC. *See* Norville v. Anne Arundel County Bd. of Educ., 1999 WL 1267696 (D. Md., Nov 23, 1999) ("routinely delegated hiring, firing and discipline decisions are the types of decisions contemplated by the Fourth Circuit in Birbeck" to fall outside the exception to the general no individual liability rule). As such, Plaintiff's allegations are clearly insufficient to come within the limited exception to no-individual liability in employment discrimination matters generally. In absence of a proper employment discrimination defendant, there is no federal question jurisdiction under either Title VII or the ADA in this case. No other viable basis for the exercise of federal jurisdiction in this case is evident from the face of the Complaint.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr

Robert S. Carr
United States Magistrate Judge

December 2, 2005
~~November , 2005~~
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**