IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ZARA ELLIS SADLER, MS, Ph.D., ) | C. A. No. 2:05-3234-DCN-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| BARBARA CLAIRE TILLEY, Ph.D, ) | |
| ) | |
| Defendant. ) | |

On November 18, 2005, Plaintiff Zara Ellis Sadler ("Plaintiff") commenced the instant lawsuit seeking monetary damages and injunctive relief against Defendant Barbara Claire Tilley, Ph.D., for alleged illegal employment discrimination. The plaintiff sought to recover injunctive relief and monetary damages from this one defendant, a person described throughout Plaintiff's Complaint as Plaintiff's "supervisor" while Plaintiff was a "research assistant professor" in the Department of Biostatistics, Bioinformatics, and Epidemiology at the Medical University of South Carolina. Plaintiff contends that she was discriminated against by Defendant based on "1) race,  2) color, 3) fear of retaliation, 4) age, and 5) perceived disability... ." Plaintiff alleges that Defendant discriminated against her (Plaintiff) when she gave Plaintiff unsatisfactory performance reviews and questioned Plaintiff's mental health and abilities to

1

continue her research work after Plaintiff had a "catatonic episode at work."

Plaintiff alleges that she filed an EEOC Charge of Discrimination in July 2005, and that a right to sue letter "is forthcoming." Complaint, at 7.

On December 5, 2005, a Report and Recommendation was entered recommending that Plaintiff's complaint be dismissed without prejudice and without issuance or service of process because Defendant was not the Plaintiff's employer, but rather her "supervisor." As a result, Plaintiff could not state a claim against Defendant under any federal discrimination statute, thereby depriving the district court of federal question jurisdiction.

On December 22, 2005, Plaintiff filed Objections to the Report and Recommendation, as well as a "Motion to Amend Pro Se Complaint." (See Docket Entries #10, #11). In these documents, Plaintiff argued that she could maintain an action against Defendant individually; in the alternative, Plaintiff requested that her employer, the Medical University of South Carolina ("MUSC") be added as a Defendant. The plaintiff filed with the court a Right to Sue Letter from the South Carolina Human Affairs Commission dated October 22, 2005, and a Right to Sue Letter from the United States Equal Employment Opportunity Commission dated December 8, 2005. It appears that the respondent in both

instances was the Medical University of South Carolina and not Defendant Tilley. Apparently in light of Plaintiff's equivocation and failure to file with the court a proposed amended complaint, on December 27, 2005, United States District Judge David C. Norton entered an Order adopting the Report and Recommendation, in which he dismissed the Complaint without prejudice, and denied Plaintiff's Motion to Amend Pro Se Complaint.

On January 9, 2006, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit from Judge Norton's Order dismissing her Complaint. (See Docket Entry #14). On April 11, 2006, the Fourth Circuit, per curiam, vacated Judge Norton's Order, holding:

> After a thorough review of the record, we conclude that the district court should have permitted Sadler to amend her complaint as a matter of right under Federal Rule of Civil Procedure 15(a) because no responsive pleading had been filed. Thus, even though Sadler sought leave to amend, she actually did not need to do so. . . . We therefore vacate the district court's order dismissing Sadler's action and denying Sadler's motion to amend her complaint, and we remand the case for further proceedings consistent with this opinion.

Sadler v. Tilley, No. 06-1054, (4th Cir. 2006) (unpub)

Consistent with the holding of the Fourth Circuit, Judge Norton entered an Order granting Plaintiff's Motion to Amend on April 12, 2006, and remanded the matter to the undersigned.

On May 2, 2006, the undersigned entered an Order directing the plaintiff to (i) submit a proposed Amended Complaint on a Court-approved complaint form; (ii) submit complete and separate Summons forms for each defendant sued; and (iii) submit a complete Form USM-285 for each Defendant sued in this case. The Plaintiff was advised that process could not issue until Plaintiff satisfied these requirements and the Court reviewed her submissions. On May 17, 2006, Plaintiff filed a Response stating in essence that her original Complaint "satisfies the US Court of Appeal's order," and no further complaint would be forthcoming. She did, however, submit a copy of her original AO 440 Summons and a completed USM form 285 and asserted, "[t]here remains only one plaintiff and one defendant in this case. . . "

On May 24, 2006, Plaintiff filed a Motion for Court Appointed Legal Counsel, and on May 31, 2006, the motion was granted. A. Christopher Potts, Esquire, was appointed as Plaintiff's counsel. Counsel was given an additional time to file an amended complaint and documents for service of process.

On June 7, 2006, the plaintiff filed objections to the Order appointing counsel and specifically objected, "to the inference that a court appointed counsel is needed to correctly complete forms. . ." (See Docket Entry #25). Plaintiff specifically asked that "Judge David Norton serve the sole defendant in this case, Barbara Claire Tilley . . ." (See Docket Entry 25, p. 7).

4

On June 13, 2006, United States District Judge David C. Norton overruled Plaintiff's objections. On June 21, 2006, the plaintiff filed an appeal to the Fourth Circuit Court of Appeals challenging this court's order granting her motion for appointed counsel. This appeal was dismissed by the court on August 29, 2006, noting that the order appealed from was neither final nor an appealable interlocutory or collateral order. Subsequently the plaintiff filed a Petition for Extraordinary Writ of Certiorari to the United States Supreme Court. That petition is still pending before the high court.

On November 29, 2006, the undersigned, noting that the time for service herein had expired without service having occurred, directed the plaintiff and her attorney to perfect service within twenty (20) days. Still no service was perfected, and a status conference was held on January 11, 2007. At that hearing upon the request of the plaintiff, the court appointed attorney was relieved, thus apparently mooting her appeal to the United States Supreme Court of the order granting appointment of counsel.

The plaintiff was directed to fill out USM form 285's in the presence of the clerk. The United States Marshal was directed to serve the summons. Service was subsequently perfected on Defendant Tilley on January 29, 2007.

An answer was filed on February 8, 2007; a scheduling Order was entered on February 16, 2007, and a scheduling conference was

5

noticed for March 7, 2007. Thereafter the plaintiff moved to stay the scheduling order pending a decision on the Writ of Certiorari; that motion was denied on February 22, 2007. Subsequently the plaintiff responded to the standard required disclosures under Rule 26 of the Federal Rules of Civil Procedure answering all but one saying, "No comment, pending ruling by the Supreme Court of the United States."

The instant motion was filed on March 2, 2007, and the plaintiff was provided a Roseboro Order explaining how and when to respond and the importance of responding in a timely fashion. The previously noticed scheduling conference was held on March 7, 2007, and the plaintiff was reminded in open court of the importance of responding to the motion.

On March 13, 2007, the plaintiff responded to the motion noting that her petition for a Writ of Certiorari was pending in the United States Supreme Court, and asserting,

> Thus, in my humble estimation no further action is necessary in the US District Court of South Carolina Charleston division until a decision is rendered by the Chief and Associate Justices for the Supreme Court of the United States, in Washington, DC. As such, I continue to have no further comment in the district court as the merits of this civil case have been clearly described in my humble estimation in the *pro se* petition I filed on January 5[th], 2007. Thus, while the defendant/respondent and her attorneys may have the right to exercise their judicial discretion in the interpretation of Rule 46 Dismissing Cases (Rules 41-46, Part VIII Disposition of Cases, Rules for the Supreme Court of the United States, FCJPR 2006 Revised edition),

6

> for filing a motion to dismiss this case in this
> district court, again it is with great hesitation
> that I as a *pro se* litigant respond locally here
> in Charleston, South Carolina, in a manner that
> would relieve the US Supreme Court Justices their
> responsibility in judging the merits of this case
> and supporting documents, its national importance
> and its future implications for other employment
> discrimination cases in the United States.  By
> filing this *pro se* objection in the US District
> Court of South Carolina, it is my hope that US
> Magistrate Judge Carr does not interpret my
> actions in any other way but in compliance with
> the highest court in this country and the rules
> that govern it.

Docket # 58, pg. 2

The motion to dismiss is now ripe for review. The plaintiff has represented to this court and to the Court of Appeals that she wished to amend the complaint, but that has not been done. The plaintiff requested the assistance of appointed counsel, but when counsel was appointed and directed to help her amend the complaint and serve the proper defendants, the plaintiff insisted counsel be relieved. The plaintiff repeatedly, although respectfully, has refused to follow the directions of this court to help herself or allow others to help her. Over 15 months since Plaintiff received a Right to Sue Letter, a proper defendant has not been named or served. In June 2006, Plaintiff insisted that Defendant Tilley be served, and in January 2007 Plaintiff completed USM form 285's providing for service of Defendant Tilley. All this after being advised by this court that Defendant Tilley was not a proper defendant, after

7

appointment of counsel to help her serve the proper defendant, and after representing to this court and the Court of Appeals that she wished to amend the complaint to serve a proper defendant.

The complaint herein still suffers from the same fatal defect noted by the court in November 2005, and this employment discrimination case should be dismissed with prejudice because of Plaintiff's refusal to name a proper Defendant.

The sole defendant named in this case is not Plaintiff's employer. Instead, under Plaintiff's own allegations, Defendant was Plaintiff's "immediate supervisor." The federal employment discrimination statutes, including the Americans with Disabilities Act, 42 U.S.C. § 12101-117, generally, do not impose individual liability on supervisors or co-employees accused of engaging in discriminatory conduct. See, e.g., Silk v. City of Chicago, 194 F.3d 788, 797 n. 5 (7th Cir. 1999)(no individual liability of supervisor for retaliation under the ADA); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996) (no individual liability under Title VII); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir.1996) (same; ADA); Williams v. Banning, 72 F.3d 552 (7th Cir. 1995) (same; Title VII); Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) (same); Gary v. Long, 59 F.3d 1391 (D.C. Cir. 1995) (same).

Although the Fourth Circuit slightly deviates from the general rule of no co-worker/supervisor individual liability, it only does so in the limited circumstances, not presented under Plaintiff's allegations, where the individual co-employee/supervisor wielded significant control over the plaintiff *and* where his or her conduct resulted from the performance of a nondelegable duty. See, Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994); Causey v. Balog, 929 F.Supp. 900 (D. Md. 1996), *aff'd,* 162 F.3d 795 (4th Cir.1998); see also, Cortes v. McDonald's Corp., 955 F.Supp. 531, 536-37 (E.D.N.C. 1996) (holding that supervisors making personnel decisions of a plainly delegable character are not "employers" as defined by the ADA); Stephens v. Kay Management Co., Inc., 907 F.Supp. 169, 171 (E.D. Va. 1995) (same and listing cases applying Birkbeck to ADEA and Title VII cases). Plaintiff's allegations about Defendant's alleged discrimination and retaliation in her performance evaluations and determination of conditions required to be met for Plaintiff's continuing employment only show the performance by Defendant of clearly delegable duties generally performed by supervisory personnel in a large organizations such as MUSC. See, Norville v. Anne Arundel County Bd. of Educ., 1999 WL 1267696 (D. Md., Nov 23, 1999) ("routinely delegated hiring, firing and discipline decisions are the types of decisions contemplated by the Fourth Circuit in Birkbeck" to fall outside

the exception to the general no individual liability rule). As such, Plaintiff's allegations are clearly insufficient to come within the limited exception to no-individual liability in employment discrimination matters generally.

In the absence of a proper employment discrimination defendant, there is no federal question jurisdiction under either Title VII or the ADA in this case. No other viable basis for the exercise of federal jurisdiction in this case is evident from the face of the Complaint. Accordingly Defendant Tilley is entitled to dismissal of this action with prejudice.[1]

### RECOMMENDATION

Accordingly, inasmuch as the only named Defendant herein is not and was not Plaintiff's employer, and inasmuch as there is no basis for individual liability under Plaintiff's allegations, it is recommended that the District Court dismiss the complaint in

---

[1] Plaintiff has not sought to amend her complaint again. It is unlikely she will attempt to so again because it is now clear beyond cavil that the defect in this complaint is intentional and not one of negligence or ignorance; Plaintiff has been made aware of this defect, has been given every opportunity and assistance to correct the defect and has steadfastly refused to name a proper defendant. Additionally amendment of the pleadings now would be prejudicial to Defendant Tilley; any amendment to add MUSC would be futile at this late date, and the good faith of Plaintiff would be placed squarely in question given her failure to name MUSC as a defendant after her representations to the Court of Appeals that she intended for MUSC to be added as a defendant (See Docket #14). See, Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

this action with prejudice and that judgment be entered in favor of the Defendant Barbara Claire Tilley. Plaintiff's attention is directed to the important notice on the next page.

                              Respectfully Submitted,

                              */s/ Robert S. Carr*
                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

March 28, 2007

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12