IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Zara Ellis Sadler, Ph.D., | ) | Civil Action No. 2:05-cv-03234-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Barbara Claire Tilley, Ph.D., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 18, 2005, Plaintiff Zara Ellis Sadler ("Plaintiff") filed this lawsuit *pro se*, alleging employment discrimination by her supervisor, Defendant Barbara Claire Tilley ("Defendant") on the basis of "1) race, 2) color, 3) fear of retaliation, 4) age, and 5) perceived disability . . . ." Pro Se Complaint Form III.3.2. Plaintiff alleges Defendant discriminated against her by giving her unsatisfactory performance reviews and questioning her mental health following her involuntary commitment to a psychiatric institute following a "catatonic episode at work." Pro Se Complaint Form III.3.1.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On December 5, 2005, the Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's complaint be summarily dismissed without prejudice and without service of process. The Magistrate Judge found that because Plaintiff failed to add her employer as a defendant, the court lacked federal question jurisdiction under any federal non-discrimination statute. On December 22, 2005, Plaintiff

filed objections to the Report and Recommendation, in which she requested that her employer, the Medical University of South Carolina ("MUSC"), be added as a defendant.

On December 27, 2005, United States District Judge David C. Norton denied Plaintiff's request to amend her complaint and adopted the Magistrate Judge's Report and Recommendation, thereby dismissing Plaintiff's complaint without prejudice. On January 9, 2006, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit from Judge Norton's order. On April 11, 2006, the Fourth Circuit vacated Judge Norton's order, holding that Plaintiff was entitled to amend the complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, because no responsive pleading had yet been filed. See Sadler v. Tilley, No. 06-1054 (4th Cir. 2006) (unpublished). On April 12, 2006, Judge Norton granted Plaintiff's motion to amend and remanded the case to the Magistrate Judge. On May 2, 2006, the Magistrate Judge entered an order directing Plaintiff to submit a proposed amended complaint and summons forms for each defendant. On May 17, 2006, Plaintiff informed the court that her complaint was "adequate" and that there "remain[ed] only one plaintiff and one defendant in this case." (Entry 22). Service was perfected on Defendant on January 29, 2007.

On March 2, 2007, Defendant filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). On March 13, 2007, Plaintiff informed the Magistrate Judge of her opinion that she need not respond to Defendant's motion while her writ of certiorari was pending before the Supreme Court.[1] On March 28, 2007, the Magistrate Judge issued a Report and Recommendation.

---

[1] On May 24, 2006, Plaintiff filed a motion to appoint counsel. On May 31, 2006, the Magistrate Judge granted this motion, and on June 7, 2006, Plaintiff objected to the court's order granting her motion. On June 29, 2006, Plaintiff appealed the order to the Fourth Circuit, and after her appeal was denied, filed a petition for a writ of certiorari with the

The Magistrate Judge found that "the complaint herein still suffers from the same fatal defect noted by the court in November 2005, and this employment discrimination case should be dismissed with prejudice because of plaintiff's refusal to name a proper defendant." Report and Recommendation, p. 8.

Plaintiff refused four separate opportunities to file specific objections to the Magistrate Judge's Report and Recommendation based on her belief that she need not do so while an interlocutory appeal is pending. On November 16, 2007, this court issued an order explaining that interlocutory appeals do "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). (Entry 89). The court ordered Plaintiff to respond with substantive objections to the Magistrate Judge's Report and Recommendation within ten days, and instructed her that no further time extensions would be granted. On November 21, 2007, Plaintiff responded. (Entry 92). Plaintiff again refused to state substantive objections to the Magistrate Judge's Report and Recommendation, on the grounds that she had filed a second petition for a writ of certiorari with the United States Supreme Court. Like her previous interlocutory appeals, Plaintiff's petition for a writ of certiorari does not automatically stay the district court proceedings. See 28 U.S.C. § 2101. Having instructed Plaintiff that she would be granted no further opportunities to object, the court now proceeds in the absence of such objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

---

United States Supreme Court, which was also later denied.

determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a procedure has the "function of disposing of cases on the basis of the underlying substantive merits of the claims and defenses as revealed in the formal pleadings and what is subject to judicial notice." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d §1367 (1990). A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993); see S & S Construction, Inc. of Anderson v. Reliance Ins. Co., 42 F. Supp. 2d 622, 623 (D.S.C. 1998).

Defendant contends that, as Plaintiff's supervisor, she is not subject to individual liability for Plaintiff's alleged employment discrimination. The Magistrate Judge agreed, finding that "[t]he federal employment discrimination statutes . . . generally, do not impose individual liability on supervisors or co-employees accused of engaging in discriminatory conduct." Report and Recommendation, p. 8. The Magistrate Judge concluded that, "[i]n the absence of a proper employment discrimination defendant, there is no federal question jurisdiction under either Title VII or the ADA in this case." Having reviewed the record and the relevant law, the court agrees.

The Fourth Circuit has "expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir.1999) (citing Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180-181 (4th Cir. 1998)). This general rule against individual liability also extends to the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). See id. (applying Title VII definition of "employer" to ADA claims); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer and precludes supervisor liability); see also Stephens v. Kay Mgmt. Co., Inc., 907 F. Supp. 169, 171 (E.D. Va. 1995) (observing that "the ADA, ADEA, and Title VII all have virtually identical definitions and liability schemes and all are designed with a common purpose. . . ."). As the Magistrate Judge correctly observed, a supervisor may be personally liable under these statutes only by making personnel decisions that are not of a "plainly delegable character." Cortes v. McDonald's Corp., 955 F. Supp. 531, 536 (E.D. N.C. 1996) (citing Birkbeck, 30 F.3d at 511 n.1). A personnel decision is of a "plainly delegable character" if the employer could delegate authority to the supervisor to act as its agent. Id. The decision to promote, the decision to terminate, and other normal personnel actions are "plainly delegable." See Pardasani v. Rack Room Shoes Inc., 912 F.Supp. 187, 191 (M.D.N.C. 1996) (holding promotions and "other normal personnel decisions" to be plainly delegable); Stephens, 907 F. Supp. at 173 (holding termination decisions to be plainly delegable). As the Magistrate Judge correctly noted, Plaintiff's allegations of discrimination involve plainly delegable duties for which Defendant may not be held personally liable. Because Plaintiff does not assert a claim against her employer, the court lacks federal question jurisdiction.

As the Magistrate Judge observed, Plaintiff's failure to amend her complaint to add MUSC as a defendant appears to be intentional. Having been apprised of this defect, Plaintiff informed the court that she did not intend to amend her complaint. Although the court must liberally construe pro se filings, it cannot construct Plaintiff's legal arguments for her. See <u>Pinckney v. Ozmint</u>, 490 F. Supp. 2d 670, 675 (D.S.C. 2007). Plaintiff's failure to add MUSC is fatal to her complaint.

## CONCLUSION

For the reasons stated, the court hereby grants Defendant's motion for judgment on the pleadings and dismisses Plaintiff's complaint.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

December 4, 2007
Columbia, South Carolina